# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

VINCENT STRICKLAND,

        Petitioner,                     CIVIL CASE NO. 07-13734

v.                                        HONORABLE PAUL V. GADOLA

RAYMOND BOOKER,

        Respondent.

_____/

## OPINION AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE

Petitioner Vincent Strickland filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner, who is a state inmate currently incarcerated at the Ryan Correctional Facility in Detroit, Michigan, challenges his conviction for prison escape. For the reasons stated, the Court dismisses the habeas petition without prejudice for failure to exhaust state court remedies.

Petitioner pleaded guilty in Wayne County Circuit Court to prison escape and was sentenced on January 17, 1989, to six months to five years imprisonment. Petitioner did not pursue a direct appeal or otherwise challenge this conviction in state court. *See* Petition, pp. 1-3. Petitioner states that this conviction is being used to enhance his current sentence.

In his petition, he asserts that he was deprived of his Sixth Amendment right to appeal and to the appointment of appellate counsel because the state court did not inform him of those rights at the time of his plea and sentence. *See* Petition, p. 5.

State prisoners must exhaust available state remedies for each of the claims presented in a habeas petition before seeking a federal writ of habeas corpus. 28 U.S.C. § 2254(b)(1). The exhaustion requirement is satisfied if a prisoner invokes one complete round of the state's established appellate review process, including a petition for discretionary review to a state supreme

court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). A prisoner "'fairly presents' his claims to the state courts by citing a provision of the Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns." *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993); *see also Prather v. Reese*, 822 F.2d 1418, 1420 (holding that "[o]rdinarily, the state courts must have had the opportunity to pass on defendant's claims of constitutional violations"). The petitioner bears the burden of showing that state court remedies have been exhausted. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

Petitioner has not met his burden of showing exhaustion of state court remedies. He admits that he has not presented his habeas claim to the state courts. The Michigan Court Rules provide a process through which Petitioner may raise his unexhausted claim. Petitioner can file a motion for relief from judgment pursuant to Mich. Ct. R. 6.500 *et seq.*, which allows the trial court to appoint counsel, seek a response from the prosecutor, expand the record, permit oral argument and conduct an evidentiary hearing on Petitioner's claims. Petitioner may appeal the trial court's disposition of his motion for relief from judgment to the Michigan Court of Appeals and Michigan Supreme Court. The state courts should have the first opportunity to address Petitioner's unexhausted claim.

Petitioner argues that the state waived the exhaustion requirement because he was not advised of his right to appeal and obtain appointed counsel. Any failure of the state trial court to inform Petitioner of his appellate rights or to appoint counsel on direct appeal does not excuse Petitioner from exhausting his habeas claim in the state courts before seeking federal habeas review. *See Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983) (petitioner failed to exhaust state remedies on claim involving denial of appellate counsel and he could pursue the issue by filing a new state court petition or by seeking state post-conviction relief); *Reynolds v. Lockhart*, 497 F.2d

314, 316-17 (8th Cir. 1974) (petitioner failed to exhaust state remedies regarding denial of appellate counsel where claim had not been presented to the state courts in post-conviction proceedings); *see also Pillette v. Foltz*, 824 F.2d 494, 498 (6th Cir. 1987) (exhaustion not excused as futile merely because state trial court rejected petitioner's request for appointment of counsel where there was no indication that petitioner had previously filed for post-conviction relief or that state court would refuse to consider such a motion); *In Re Joiner*, 58 F.3d 143, 144 (5th Cir. 1995) (exhaustion not excused based upon state court's refusal to appoint counsel for petitioner in state habeas case or petitioner's alleged inability to effectively advocate *pro se*; petitioner was required to make an effort to exhaust state remedies on his own).

Petitioner has failed to exhaust state court remedies as to the claim presented in his federal habeas petition.

Accordingly, **IT IS ORDERED** that the petition for writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED.**

Dated:  October 31, 2007              s/Paul V. Gadola
                                                   HONORABLE PAUL V. GADOLA
                                                   UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on  November 1, 2007 , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:                                                                                                           ,
and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:         Vincent Strickland               .

                                                   s/Ruth A. Brissaud
                                                   Ruth A. Brissaud, Case Manager
                                                   (810) 341-7845