# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

VINCENT STRICKLAND,

                Petitioner,                    CIVIL CASE NO. 07-13734

v.                                      HONORABLE PAUL V. GADOLA

RAYMOND BOOKER,

                Respondent.

_____/

## ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION OR IN THE ALTERNATIVE THE ISSUANCE OF A CERTIFICATE OF APPEALABILITY

Petitioner Vincent Strickland filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his conviction for prison escape. On October 31, 2007, the Court dismissed the habeas petition without prejudice for failure to exhaust state court remedies. Now before the Court is Petitioner's "Motion for Reconsideration or in the Alternative the Issuance of a Certificate of Appealability."

Motions for reconsideration may be granted when the moving party shows (1) a "palpable defect," (2) by which the court and the parties were misled, and (3) the correction of which will result in a different disposition of the case. E.D. Mich. L.R. 7.1(g)(3). A "palpable defect" is a "defect which is obvious, clear, unmistakable, manifest or plain." *Olson v. The Home Depot*, 321 F. Supp. 2d 872, 874 (E.D. Mich. 2004).

The Court summarily dismissed the petition because Petitioner failed to comply with the exhaustion requirement established in 28 U.S.C. § 2254(b)(1). A Michigan prisoner must present each ground on which he seeks habeas relief to both Michigan appellate courts before seeking

federal habeas corpus relief. *See Mohn v. Bock*, 208 F.2d 796, 800 (E.D. Mich. 2002); *see also*

*Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). Petitioner admitted that he had not exhausted

his state court remedies, but argued that the exhaustion requirement should be excused because he

was not advised of his right to appeal or to obtain appointed counsel. The Court found that

exhaustion is not excused by the state court's failure to inform a defendant of his appellate rights

and/or appoint counsel.

In his motion for reconsideration, Petitioner now argues that no available remedy is available

to him in state court because the sentence for the challenged conviction has expired and, therefore,

may not be the subject of a 6.500 motion. However, Petitioner may be able to attack the felony

sentence he is currently serving in state court on the ground that it was enhanced by an invalid,

expired conviction. *See, e.g.*, *People v. Gonzales*, 179 Mich. App. 477, 480 (Mich. Ct. App. 1989)

(finding that a defendant may collaterally attack a prior conviction obtained when the defendant was

not represented by counsel when that conviction is later used to support another charge). Given that

the possibility exists for Petitioner to challenge his expired conviction in state court, Petitioner has

not shown that the state court process is unavailable. Therefore, the Court denies the motion for

reconsideration.

Petitioner also seeks issuance of a certificate of appealability. A certificate of appealability

may be issued "only if the applicant has made a substantial showing of the denial of a constitutional

right." 28 U.S.C. § 2253(c)(2). A petitioner must "sho[w] that reasonable jurists could debate

whether (or, for that matter, agree that) the petition should have been resolved in a different manner

or that the issues presented were 'adequate to deserve encouragement to proceed further.' " *Slack*

*v. McDaniel*, 529 U.S. 473, 484 (2000). For the reasons discussed above and in the Court's Opinion

and Order Dismissing Petition for Writ of Habeas Corpus Without Prejudice, the Court concludes

that reasonable jurists would not find its conclusion that the claims are unexhausted and that an

avenue for exhaustion is available to Petitioner in state court to be debatable or wrong. Therefore,

the Court declines to issue a certificate of appealability.

**ACCORDINGLY, IT IS ORDERED** that the Petitioner's "Motion for Reconsideration or

in the Alternative the Issuance of a Certificate of Appealability" [docket entry #5] is **DENIED.**

**SO ORDERED.**

Dated:  January 24, 2008                   s/Paul V. Gadola
                                                   HONORABLE PAUL V. GADOLA
                                                   UNITED STATES DISTRICT JUDGE

Certificate of Service

I hereby certify that on   January 24, 2008   , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

                                                             ,
and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:             Vincent Strickland               .

                                             s/Ruth A. Brissaud
                                             Ruth A. Brissaud, Case Manager
                                             (810) 341-7845